IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

SCARLETT SNODGRASS, :
31609 Wilmington St.
Ocean View, Delaware 19970

    *Claimant,*
v.                                              JUL 1 9 2007

THUAN DUC DANG, M.D., :
29 Broad St.
Suite 201                                                   JFM 07 CV 1926
P.O. Box 339
Berlin, Maryland 21811 :

and

ATLANTIC SURGICAL ASSOCIATES,
L.L.C.                                                     CASE NO.:
Po Box 339
314 Franklin Ave :
Suite 304
Berlin, Maryland 21811 :
      SERVE ON:
      Dr. Michael P Darnell    :
      P.O. Box 339
      314 Franklin Ave
      Suite 304
      Berlin, Maryland 21811   :

and                                                :

ATLANTIC GENERAL HOSPITAL,
CORP :
9733 Healthway Drive
Berlin, Maryland 21811
      SERVE ON:                           :
      Stephen B. Awalt, Esq.
      Suite 420
      409 Washington Ave.    :
      Towson, Maryland 21204
                                                     :

      *Defendant, Health Care Providers*

        *    *    *    *    *    *    *    *    *

1

## COMPLAINT AND REQUEST FOR JURY TRIAL

PLAINTIFF, Scarlett Snodgrass, by and through her undersigned attorneys, hereby sues Thuan Dang, M.D., Atlantic Surgical Associates, L.L.C., and Atlantic General Hospital, Corp. (collectively referred to as "The Defendant Health Care Providers), and states as follows:

## JURISDICTION AND VENUE

1. This medical negligence claim originally instituted pursuant Md. Cts. & Jud. Proc.Art. §3-2A-01 -§3-2A-10, in the Maryland Health Claims Arbitration Office, for the recovery of damages in excess of Twenty-Five Thousand Dollars ($25,000.00). Plaintiff's have previously filed a Certificate of Merit and Waiver in the Health Claims Arbitration Office. Please see attached Certificate of Merit and Waiver as **Exhibit 1 & 2** respectively.

2. Venue is Proper in the United States District Court for the District of Maryland pursuant to 28 U.S.C. § 1331.

3. Thuan Dang, M.D., at all times relevant hereto, was a physician licensed to practice medicine in the State of Maryland, and he acted individually and/or as the actual and/or apparent agent, servant and/or employee of Atlantic General Hospital, Corp., and/or Atlantic Surgical Associates, L.L.C.

4. Atlantic General Hospital Corp. (hereinafter "Atlantic General"), is and at all times relevant hereto, was a corporation organized in the State of Maryland, which was involved in the operation of a hospital in Berlin, Maryland, providing, through its

agents, servants and employees hospital services including, but not limited to, emergency, gastrointestinal, surgical and critical care services.

5. Atlantic Surgical Associates, L.L.C. is and at all times was a corporation organized in the State of Maryland which was involved in the business of providing through its agents, servants and/or employees medical services including, but not limited to, gastrointestinal and surgical services.

## STATEMENT OF FACTS

6. On September 16, 2006, Plaintiff, Scarlett Snodgrass, presented to Atlantic General Hospital's Emergency Room, by way of ambulance, with complaints of severe abdominal pain.

7. According to the medical records, while Ms. Snodgrass was being triaged in the emergency department, a "stat" ultra-sound was performed. The ultra-sound demonstrated multiple gallstones and thickening of the gallbladder wall, which the radiologist determined to be consistent with Cholelithiasis (the presence of gallstones).

8. According to the medical records, Ms. Snodgrass was then admitted to the Hospital and her care was transferred to the Defendant, Thuan Dang, M.D, a surgeon. According to Dr. Dang's admission record, Ms. Snodgrass laboratory exam demonstrated an elevated white blood cell count, which is indicative of an underlying infection. Dr. Dang then diagnosed Ms. Snodgrass with acute cholecystitis (inflammation of the gallbladder), and recommended an immediate laparoscopic cholecystectomy (a surgery to remove the gallbladder).

9. According to the medical records, Defendant, Dr. Dang, attempted to perform the surgical procedure on September 16, 2006. However, during the surgical procedure Dr. Dang negligently injured and damaged Ms. Snodgrass' bile ducts and

3

bowel, which has permanently injured Ms. Snodgrass. Dr. Dang's negligence has proximately caused permanent injuries to Ms. Snodgrass' bowel, bile ducts and liver.

10. Furthermore, according to the medical records, Dr. Dang negligently failed to timely recognize that during the surgical procedure he had negligently injured Ms. Snodgrass. Instead, Dr. Dang's operative note indicated that the surgery was uncomplicated and that the patient was transferred to the PACU in stable condition.

11. According to the medical records, on the day after her surgery, the Health Care Providers at Atlantic General negligently discharged Ms. Snodgrass with orders to follow up with Dr. Dang in five days.

12. On September 18, 2006, just one day after her discharge from Atlantic General, Ms. Snodgrass was in tremendous pain and she presented to Beebe Medical Center's Emergency Room for care and treatment. Upon her admission she was immediately diagnosed with a possible bile duct leak and severe abdominal infection.

13. According to the medical records, after some preliminary diagnostic tests The Health care providers performed an ERCP which revealed an obstruction of the common bile duct caused by surgical clips that were negligently placed by Defendant, Dr. Dang. On September 21, 2006 the health care providers at Beebe Medical Center attempted to get Ms. Snodgrass transferred to a higher level tertiary hospital and on September 22, 2006, Ms. Snodgrass was transferred to the University of Maryland Hospital for more advanced care and medical treatment.

14. According to the medical records, Ms. Snodgrass was admitted to the University of Maryland Hospital on September 22, 2006 for definitive treatment of a common bile duct injury.

15. According to the medical records, after Ms. Snodgrass' admission to the University of Maryland a procedure was performed to place a drain in the surgical site from her cholecystectomy. However according to the medical records this procedure was unsuccessful due to the severity of her condition and severe abdominal infection which had resulted in severe inflammation. Accordingly, Ms. Snodgrass was transferred to the University of Maryland's Transplant Surgical Service for more advanced care and medical treatment.

16. According to the medical records, once transferred to the Surgical Transplant Service, Ms. Snodgrass' health care providers performed an exploratory laparotomy to resection her small bowel and to drain the intra-abdominal fluid that had accumulated from the severe infection which was caused by the negligently performed cholecystectomy. Due to the severity of her injuries discovered during this procedure a follow up laparotomy was noted to be medically indicated.

17. According to the medical records, Ms. Snodgrass was then transferred to the surgical floor for further monitoring in an attempt to stabilize her medical condition prior to performing her follow up laparotomy.

18. According to the medical records, her follow-up laparotomy took place on October 3, 2006. However, the records indicate that Ms. Snodgrass' abdomen was severely inflamed, which necessitated the surgical procedure being cancelled.

19. According to the medical records during the night of October 3, 2006 Ms. Snodgrass' infection worsened, which necessitated further hospitalization to stabilize her before her follow up surgery could be performed.

20. Eventually, on October 12, 2006, Ms. Snodgrass was temporarily discharged from the University of Maryland Hospital. However, according to the

medical records, Ms. Snodgrass' drainage tubes and ostomy bags remained in place and could not be removed until she followed up with the surgeons at University of Maryland Hospital in two weeks.

21.   According to the medical records, after her follow up visit with the surgeons at University of Maryland Hospital, another surgery was ordered and took place on November 17, 2006. Ms. Snodgrass was again hospitalized for two weeks and her drainage tubes and ostomy bags remained after her discharge. In fact, Ms. Snodgrass' drainage tubes and ostomy bags were not removed until the first week of January, 2007.

22.   According to the medical records, Ms. Snodgrass was finally discharged from the care of University of Maryland's care during the first week of January, 2007.

23.   However, according to the medical records, Ms. Snodgrass' injuries and damages are permanent. In fact, Ms. Snodgrass must now routinely undergo liver function tests due to the serious injuries her liver sustained as a result of the Defendant Health Care Providers negligence. According to the medical records further surgeries and a possible liver transplant may be necessary in the future.

## COUNT I
(Negligence)

PLAINTIFF, Scarlett Snodgrass, by and through her undersigned attorneys, hereby sues Thuan Dang, M.D., Atlantic Surgical Associates, L.L.C., and Atlantic General Hospital, Corp. (collectively referred to as "The Defendant Health Care Providers), and states as follows:

24.   The Plaintiff incorporates herein by this reference and re-alleges paragraph 1 – 23 above.

25.   In their care and treatment of Scarlett Snodgrass, the Defendant

Health Care Providers, through their actual and/or apparent agents, servants and/or employees owed Scarlett Snodgrass the duty to exercise that degree of care and skill which a reasonably competent hospital, physician and /or similar health care provider would have exercised under the same or similar circumstances.

26. The Defendant Health Care Providers, through their actual and/or apparent agents, servants and/or employees, breeched the aforesaid duty of care to Scarlett Snodgrass and were negligent in the following ways, among others:

- A. Failure to take a thorough medical history;
- B. Failure to conduct appropriate and timely examinations;
- C. Failure to utilize appropriate and ancillary procedures;
- D. Failure to timely and adequately recognize Plaintiff's serious medical condition;
- E. Failure to timely and adequately diagnose and treat Plaintiff's conditions;
- F. Failure to appropriately react of symptoms, signs and findings which were illustrative to Plaintiff's true condition;
- G. Failure to take appropriate precautions in monitoring and treating Plaintiff's condition;
- H. Failure to obtain appropriate consultations and/or appropriately utilize the information made available to them;
- I. Failure to react to the positive symptoms, signs, physical findings and other data, which were illustrative of a perforated bowel, injured bile ducts and infection;

  J. Failure to properly and timely monitor and respond to Plaintiff's true condition;

  K. Failure to take appropriate precautions in monitoring and treating Plaintiff's condition throughout her admission to Atlantic General;

  L. Failure to perform surgery within the acceptable standards of care;

  M. Failure to appropriately monitor Plaintiff's laboratory studies accordingly.

  N. Failure to timely administer proper medical intervention to treat the infection.

  O. Negligently discharging the Plaintiff.

27. As a direct and proximate result of the above-mentioned deviations from the applicable standards of care by the Defendant Health Care Providers, Scarlett Snodgrass has suffered and/or will suffer the following permanent injuries, among others:

  A. Significant pain and emotional anguish;

  B. Inability to engage in personal, household and family activities;

  C. She has incurred and will continue to incur substantial expenses for medical and other care and treatment of her medical condition, for which she is unable and incapable of paying;

  D. Her earning capacity has been severely diminished;

  E. She has and will continue to suffer great pain and suffering;

  F. She will be forced to endure future medical and surgical procedures.

*WHEREFORE*, Plaintiff, Scarlett Snodgrass, by and through her attorneys brings

this action against the Defendant Health Care Providers and seeks damages that will adequately and fairly compensate her, plus costs.

Respectfully submitted,
LAW OFFICES OF WAIS & VOGELSTEIN

_____
H. Briggs Bedigian Bar No.: 27113
25 Crossroads Drive, Suite 400
Owings Mills, Maryland 21117
(410) 998-3600
*Attorneys for Plaintiff*

**DEMAND FOR JURY TRIAL**

Plaintiff, Scarlett Snodgrass, by and through her attorneys, hereby request a jury trial in the above matter.

_____
H. Briggs Bedigian Bar No.: 27113